EZRA CARTER, Junior, in equity *vs.* LUTHER C. PORTER.

Cumberland.  Opinion May 6, 1880.

*Bill in equity cannot be inserted in a capias writ.*

A bill in equity inserted in a writ may be served by an attachment of property, but not by an arrest of person.

This was a bill in equity inserted in a writ of capias, or attachment, dated May 14, 1868, and served by the arrest of the defendant.  Within the first two days of the return term the defendant filed a motion to dismiss, because :—

"1st.  Said suit purports to be a bill in equity and is inserted, unsigned by the plaintiff, in a capias writ running against the body of the said defendant, as appears by the writ, now on file in this court, which is not authorized by law, or by the rules of this court, and said writ and the matters therein contained do not constitute a legal commencement of a suit, either in law or equity, sufficient to give the court any jurisdiction over the parties or subject matter."

"2d.  Said defendant at the time of suing out said writ, and ever since was a resident of Chicago, in the State of Illinois, and

not an inhabitant of the State of Maine as appears by said writ, and said capias writ and paper therein purporting to be a bill in equity, was served upon said defendant by an arrest and imprisonment of his body, to be released from which, he, the said defendant, was compelled to give the bond returned with said writ by the officer serving the same, and the said writ was never served upon the defendant in any other manner, all which appears upon the said writ and by the officer's return thereon, which service was wholly illegal, unauthorized and void, and wholly insufficient to give this court any jurisdiction of the person of this defendant, or the subject matter of this suit."

*Drummond & Drummond,* for the plaintiff.

A preliminary question is raised by the motion to dismiss, but it seems to me there is not enough in it to require much discussion. R. S., 1857, c. 77, § 9, provides "the bill may be inserted in a writ to be served as other writs, or it may be filed in court and served as the rules of court prescribe." Counsel admits that this seems to be decisive, but he says this "does not mean all writs," and instances replevin. But this arises from the fact that a bill in equity and writ of replevin cannot be joined. Nor is there force in the argument that the term "writ" in the statute of 1857 means the same as the term "writ of attachment or original summons" in the statute of 1848. A conclusive answer to this argument is, that the term "writ of attachment" has a well defined meaning, its form is prescribed in the statute of 1821, and preserved by R. S., c. 81, § 1. It is true that in certain cases it is provided that no arrest shall be made, and "the form of the writ shall be varied," but this is only an exception. When the bill is inserted in a writ, the process is *mesne process,* and R. S., c. 113, § 2, points out the method of service. Stat. 1867, c. 67, provides that bills in equity may be inserted in writs of attachment without the signature. This was a writ of attachment. It was served as provided by statute.

The argument of counsel upon the merits of the case is omitted.

*Charles P. Mattocks,* for the defendant, upon the question raised by the motion to dismiss, cited: Mass. stat. 1798, c. 77; 1817, c. 87; Maine stat. 1821, c. 50, or c. 39; 1830, c. 462;

1835, c. 195; 1837, c. 301; 1848, c. 96, § 10; 1857, c. 77, § 9; 1867, c. 67; *Hughes* v. *Farrar*, 45 Maine, 72; *Marco* v. *Low*, 55 Maine, 552; *Commonwealth* v. *Sumner*, 5 Pick. 366; Barlow's suit in Equity, 49; Story's Eq. Pl. 417; *Carey* v. *Hatch*, 2 Edw. c. 295; *Commonwealth* v. *Kimball*, 24 Pick. 370.

DANFORTH, J. This is a bill in equity inserted in a capias writ, served, by an arrest of the defendant; a preliminary question is raised by a motion, seasonably filed, to dismiss for want of legal service.

By R. S., of 1857, c. 77, § 9, in force when this writ was served, it is provided that, "The bill may be inserted in a writ to be served as other writs." This language is without qualification, and would seem to be sufficient to authorize the insertion of the bill in writs of any form known to the law and a service in accordance with such form. But if so, it would clearly come in conflict with other provisions of law of equal force with this. It is evident then that it must receive such a construction as may avoid such a conflict. This can easily be done by applying the words to such a writ as is appropriate to the subject matter of the action.

The bill in this case alleges a partnership, is commenced for the purpose of settling the partnership accounts and is therefore founded upon a contract. The writ, therefore, should be in the form and served in the manner proper in an action to enforce a contract, or rather to recover damages for its breach. This seems to be conceded, but it is claimed that the form of such a writ as is prescribed by the statute of 1821, c. 63, includes a capias as well as an attachment. This is true, but it is not quite correct as claimed that, that form has been continued to the present day. By the act of 1835, c. 195, § 2, embodied in the R. S., 1841, c. 148, § 1, and continued in force to the present time, arrest on mesne process in any suit founded upon contract was prohibited, except as provided in the next section, and "the writ . . . shall be so varied, as not to require the arrest of the defendant.

It is evident that under this law, the writ to be used in a suit upon a contract must be an attachment only, and would never authorize an arrest unless it comes within the exception alluded to.

Is this exception applicable to bills in equity though inserted in a writ? In the law authorizing them to be so inserted, no allusion is made to any exception. Nor is the exception applicable to matters in equity—but is applicable and intended solely for suits at law. Its purpose is to authorize the arrest of a debtor about to depart and reside beyond the limits of the State, when the debt is founded upon a contract express or implied, so that he may be held to respond to such judgment as may be obtained, or in case of his failure that his sureties may be held responsible. This is appropriate only when applied to an action at law to recover a debt occuring from a contract, when the debt is the only thing sought to be recovered, and all the subsequent provisions in relation to the disclosure of the debtor and the liability of the sureties are applicable only to suits at law, and judgments obtained therein.

If the arrest is allowed in this case it must be in all bills inserted in a writ where the necessary oath is made, for all, or nearly all grow out of a contract. But the defendant must be admitted to bail and we find no authority for taking such a bond as will avail the plaintiff in most cases or even in this. Here the demand of the payment of a sum of money is not the sole, or even the principal claim. The allegation in the bill is that of partnership and the demand upon the defendant is that he shall make full answer, that the partnership matters may be adjusted, and that he may be required to pay, not a definite sum, but whatever may be found to be due. The judgment of the court is not one upon which an execution may issue, fixing definitely the liability of the sureties in such bond as the statute authorizes, but is a decree, perhaps for the payment of money, but if so, usually requiring acts of the defendant in other matters, under which the remedy for default is by attachment for contempt, and for which the sureties could not be holden, and from which there could be no discharge by disclosure under the statute,

for the reason that some of the things required by the decree are acts from which the defendant would not be excused by the payment of money, or an inability to pay it.

In this unfitness of the proceedings, under the only statute authorizing an arrest in cases of contract, to accomplish the decree of the court, and when such authority is not in accordance with the general rule, but is an exception to it, we can hardly infer the right to arrest in the absence of any express provision in the statute given it—more especially as the writ of *ne exeat*, which has never been abolished in our State, would seem to afford not only an appropriate but an ample remedy to secure the full performance of the decree of the court.

An interpretation of the statute relied upon in the light of its own history, leads to the same result. By the laws of 1821, c. 50, § 1, "The bill or complaint, in such cases may be inserted in a writ of attachment, or original summons, and served . . as other writs of attachment, or original summons are by law to be served." It is true, as already seen, that at this time under the form of the writ as prescribed by law, attachment and capias were combined in one. Still there were two distinct and independent powers, but one of which could be used. Arrest and attachment were never lawful under the same writ. The form provided was that of "attachment *or* capias." The only fair inference to be drawn is, that when the statute provides that a writ of attachment may be used, it does not mean an attachment or capias, but that whatever may be the form, it is to be served by attachment alone.

It is inexplicable, under the circumstances, if the legislature intended to authorize a service by arrest, that it should not have said so, and not have limited it to another mode, for even then the word "attachment," applied to a writ by which the suit was commenced, referred to an attachment of property, and not of the person. But the same language is used in R. S., 1841, c. 96, § 10, after the change in the form of the writ in cases upon contract, and the prohibition of arrest, except in special cases. In the revision of 1857, the words describing the kind of writ to be used were first omitted, but as we may well suppose, not for

the purpose of changing the law, but rather because they were considered unnecessary. If, however, this were left in doubt, it must be considered as conclusively settled by the construction of the law by the legislature, as indicated by the act of 1867, c. 67, which was in force when the writ in this case was issued. This act provides that bills in equity, inserted in " writs of attachment," need not be signed. Under this law there is no authority for inserting an unsigned bill in a capias writ, and yet no good reason can be given why such a bill may be inserted in one kind of a writ and not in the other, if either or both were to be used.

But if so, this bill is inserted in a capias writ and is not signed, as it evidently should have been, if inserted in any writ other than one of attachment.

*Motion sustained. Writ and bill dismissed with costs.*

APPLETON, C. J., WALTON, VIRGIN, PETERS and LIBBEY, JJ., concurred.